ARK. STATE HIGHWAY COMM. *v.* LAY

5-3504                                    388 S. W. 2d 85

Opinion Delivered March 22, 1965.

*Mark E. Woolsey* and *Thomas B. Keys,* for appellant.

*Opie Rogers* and *Carl S. Whillock,* for appellee.

PAUL WARD, Associate Justice. This is an eminent domain action brought by the Arkansas Highway Commission (hereafter referred to as appellant) to acquire approximately 1.2 acres of land belonging to Wallace Lay, who is now incompetent, and who will hereafter be referred to as appellee. The land, which was at the junction of highways 19 and 65, is located in Van Buren County about a mile from Clinton.

Other parties mentioned as defendants in the suit, but who have no particular interest in this appeal, are a Mr. Dempsey, guardian of appellee, and a Mr. Keeling who held (at the time this action was begun) a 19 month lease on appellee's property for which he was paying $50 per month.

Based on a jury verdict the trial court rendered judgment vesting title to the property in appellant, and giving appellee judgment in the amount of $16,975. The only points raised by appellant on appeal are: *One.* The trial court erred in not striking the testimony of two witnesses for appellee; and *Two.* The trial court erred (a) in refusing to give appellant's requested Instruction No. 1, and (b) in giving its own Instruction No. 5. The pertinent testimony relative to the points raised will be summarized as each point is hereafter discussed.

*One.* (a) Appellee's first witness who testified as to the value of the condemned land was Ray Wheeler. His pertinent testimony, in substance, was: I am 41 years old; have been a real estate broker for 19 years — 15 years having been spent in Van Buren County; I have completed approximately 1300 real estate transactions; and am acquainted with real estate values in this county; I am familiar with the condemned land and the improvements thereon. In my opinion its highest and best use is for commercial, tourist, and resort property, and I value it at $24,250. During his testimony the witness referred to the fact that there was an existing lease on the property and, in effect, his testimony was not clear as to the length or value of the lease. At this point appellant moved to strike the witness' testimony as to value because it did not reflect appellee's interest in the property—*i.e.,* it did not reveal the value of the lease. The trial court's ruling was:

> "The court is overruling the motion, subject to the condition that later on in the case there will be evidence from which the leasehold rights may be determined, the motion is being overruled on that condition."

This ruling appears to have satisfied appellant because there was no further objection at that time.

The court ruled correctly, and, also, we think the deficiency in the testimony was supplied by the witness next mentioned.

(b) Farrish Fraser, a witness for appellee, testified in substance: I am 65 years old, in the insurance business, live, and own property, in Clinton; I have also bought and sold real estate in Van Buren County; I am familiar with the subject property; the property is now leased to a Mr. Keeling for $50 per month and the lease has about 19 months yet to run. In my opinion the rental value of the property is $175 per month, and I think someone should pay Mr. Keeling the difference between $175 and $50 per month for the rest of the lease, but I understand Mr. Keeling accepted $850 from appellant. At this point appellant moved to strike the testimony on the ground that the witness did not correctly reduce the estimated rental value to the present day dollar value. The motion was overruled by the trial court, and we think correctly so.

Conceding that the witness did not make the proper deduction, we still think the court was right in not excluding all his testimony. Any possible prejudicial error was purely mathematical and could have been avoided by a requested instruction or by argument to the jury. Furthermore, it appears any prejudicial error was cured by appellant's own witness who stated Keeling had been satisfied by the payment of $850 for the balance of his lease. Appellant does request that $850 be deducted from the judgment.

It will be noted we have not discussed the testimony of appellant's witnesses who fix the value of appellee's property as low as $8,400. Appellant makes no contention there is no substantial evidence to sustain the jury's verdict if (as we hold) the jury is permitted to consider the testimony given by Wheeler and Fraser.

*Two.* Likewise, we find no reversible error alleged under this point.

(a) At the close of all the testimony appellant moved for a directed verdict as follows:

"We ask for a directed verdict based on the fact that the highest and best testimony in the record is $8,400.00 as of the date of the taking, November 1, 1963."

In view of what we have already said under point one, it is now obvious that the trial court was correct in denying this motion.

(b) Finally, appellant argues it was reversible error for the court to give Instruction No. 5 which reads:

> "Whenever private property is approximated as incident to the taking for a public purpose the owner is entitled to just compensation for the lands taken. In this case the just compensation which the owner is entitled to receive is the fair market value of *his interest* in the lands as of the date of the taking which was Nov. 1, 1963."

(Emphasis added.)
Again, appellant's objection is based upon a former contention which we have already (under point one) resolved against it. Stress in appellant's argument is placed on the two words emphasized in the instruction—*"his interest"*—contending there was no competent evidence from which the jury could arrive at appellee's *interest*—that is, the value of the fee less the value of the lease. As indicated, we have already resolved that issue in favor of appellee. Pertinent to the issues discussed herein is the well established rule, stated in *Wallis* v. *Stubblefield,* 216 Ark. 119, 225 S.W. 2d 322, as follows:

> "In determining whether there is substantial evidence to support the judgment, we must, therefore, give the evidence adduced on behalf of appellee the strongest probative force that it will reasonably bear."

Finding no reversible error, the judgment of the trial court is affirmed.

Affirmed.

McFaddin, J., not participating.